UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 302,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON PETROLEUM COMPANY LP, et al.,<br><br>Defendants. | Case No. 22-cv-09059-AGT<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 24 |

The International Brotherhood of Electrical Workers, Local 302, has moved for summary judgment on its only claim, which seeks to compel the defendants to arbitrate a dispute over whether certain work being performed at the defendants' petroleum refinery is "Covered Work" under the terms of the parties' project labor agreement (PLA).

It is undisputed that the PLA is a type of collective-bargaining agreement. Whether the PLA requires the parties to arbitrate their dispute is therefore "an issue for judicial determination." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

"[P]ublic policy favors the resolution of labor disputes through arbitration." *Phoenix Newspapers, Inc. v. Phoenix Mailers Union Loc. 752, Int'l Bhd. of Teamsters*, 989 F.2d 1077, 1080 (9th Cir. 1993). Courts have thus applied "a strong presumption in favor of arbitrability." *Id.* Reflecting this presumption, the Supreme Court has explained that "[a]n order to arbitrate [a] particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83 (1960).

The presumption in favor of arbitrability hasn't been rebutted here. Under the *Warrior & Gulf* test, it cannot be said "with positive assurance" that the PLA's arbitration clause is "not susceptible of an interpretation that covers the asserted dispute." *Id.* Indeed, the opposite is true. The PLA makes clear that the parties' dispute must be arbitrated.

The PLA provides that "any question arising out of and during the term of this Agreement involving its interpretation and application (other than jurisdictional disputes) shall be considered a grievance." PLA § 8.1. And grievances, the PLA explains, must be settled through a four-step process, which culminates in arbitration. *See* PLA § 8.4.

The parties' dispute centers on whether certain work related to "post-weld heat treating and stress relieving" falls within the PLA's definition of Covered Work. Mot., Dkt. 24 at 5. This is a dispute "involving [the PLA's] interpretation and application." PLA § 8.1. The dispute is also ripe for arbitration. No other steps in the grievance process remain to be taken.

Defendants attempt to create ambiguity where none exists. It is undisputed that under the PLA, both defendants are the "Owner" of the refinery; and defendants contend that disputes against the Owner are not subject to arbitration. The PLA doesn't support defendants' reading. No PLA provision excludes disputes against the Owner from arbitration; and one PLA provision confirms the opposite—that disputes against the Owner *are* subject to arbitration.

Section 8.7 of the PLA addresses who bears the costs of arbitration. The provision starts by explaining the basic cost-bearing structure: "The cost of the Arbitrator and the court reporter, and any cost to pay for facilities for the hearing, shall be borne equally by the parties to the grievance. All other costs and expenses in connection with the grievance hearing shall be borne by the party who incurs them." PLA § 8.7. Next, Section 8.7 clarifies when the Owner is responsible for arbitration costs. Section 8.7 states that "[r]egardless of whether the Owner participates in the resolution of a grievance, the Owner will not be responsible for any costs or expenses *unless the grievance is against the Owner*." *Id.* (emphasis added). The italicized language makes clear that a grievance can be brought against the Owner, and it is undisputed that grievances are subject to arbitration. *See* PLA § 8.4, Step 4.

In arguing that the Owner cannot be forced to arbitrate, defendants highlight sections of the PLA that give the Owner the option to participate in, or monitor, any grievance. *See* PLA § 8.4, Step 4 (entitling the Owner to notice of any requests for arbitration); PLA § 8.9 (allowing the Owner to participate in the resolution of any grievance). These sections reflect that the Owner may have an interest in disputes between other parties to the PLA (e.g., between unions and subcontractors performing work at the Owner's facility) and that the Owner, by virtue of its role, is entitled to be kept informed of those disputes. But the fact that the Owner has discretion to participate in, or monitor, grievances between other parties to the PLA doesn't mean the Owner can avoid arbitration when a grievance is brought against the Owner.

Defendants make several other arguments against arbitration. None is persuasive.

First, defendants assert that the parties to the PLA didn't intend for the Owner to be bound to arbitrate grievances against it. In support of this position, defendants rely on a declaration from a former employee who participated in the PLA negotiations. *See* Dkt. 34, Bradshaw Decl. The declaration doesn't create a genuine dispute as to any material fact. The text of the PLA is unambiguous: grievances can be brought against the Owner and are subject to arbitration. *See* PLA §§ 8.4, 8.7. When a collective-bargaining agreement is unambiguous, "the parties' negotiations . . . bear no relevance to its meaning." *Int'l Longshore & Warehouse Union v. Nat'l Lab. Rels. Bd.*, 978 F.3d 625, 641 (9th Cir. 2020).[1]

Next, defendants argue that they don't need to arbitrate the Covered Work dispute because (i) the PLA clearly excludes the "post-weld heat treating and stress relieving" work at issue from the definition of Covered Work, and (ii) the PLA gives defendants discretion to determine whether the disputed work can be performed by a non-union subcontractor. Opp'n, Dkt. 32 at 5; *see also id.* at 16–22. These are merits arguments. To resolve them, the Court would need to interpret and apply the PLA's substantive provisions. The Court cannot do so. It

---

[1] Because the parties' negotiations "bear no relevance to [the PLA's] meaning," *id.*, the Court need not resolve Local 302's evidentiary objection to the Bradshaw declaration. *See* Dkt. 36. For the same reason, defendants' motion for leave to file a supplemental declaration responding to Local 302's evidentiary objection (dkt. 37) is denied.

is "not [the Court's] function to review the merits of the grievance." *Winery, Distillery & Allied Workers Union, Local 186 v. E & J Gallo Winery, Inc.*, 857 F.2d 1353, 1356 (9th Cir. 1988). And "[i]nterpretation of [the PLA's] substantive provisions must be left to the arbitrator in the first instance." *Laborers Int'l Union Local 252 v. Town Concrete Pipe of Wash., Inc.*, 680 F.2d 1284, 1285 (9th Cir. 1982).

Lastly, defendants suggest that the Covered Work dispute is a "jurisdictional dispute," which if so, would mean that the dispute wouldn't be subject to the PLA's grievance procedure. *See* PLA § 8.1. A jurisdictional dispute, in this context, is a dispute in which "one union [seeks] to compel an employer to assign it work being performed by another union." *Assoc. Gen. Contractors of Am., Inc., v. Int'l Union of Operating Engineers, Loc. 701*, 529 F.2d 1395, 1397 (9th Cir. 1976). The work at issue here isn't being performed by another union; it is being performed by a non-union subcontractor. *See* Dkt. 25, Hansen Decl. ¶ 5 ("In October 2022, IBEW Local 302 became aware that Defendants . . . had subcontracted work related to post[-]weld heat treating and stress relieving to Superheat, an electrical subcontractor."). Because the dispute isn't one in which "one union [seeks] to compel an employer to assign it work being performed by another union," *Assoc. Gen. Contractors*, 529 F.2d at 1397, the dispute isn't jurisdictional.

The parties' dispute involves the PLA's "interpretation and application," PLA § 8.1, and thus is subject to arbitration, *see* PLA § 8.4. Local 302's motion for summary judgment is granted, and defendants are hereby compelled to arbitrate their dispute with Local 302 in accordance with Section 8 of the PLA.

**IT IS SO ORDERED.**

Dated: May 9, 2023

_____
Alex G. Tse
United States Magistrate Judge