UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 302,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARATHON PETROLEUM COMPANY LP, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-09059-AGT<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 41 |

　　　　The Court previously compelled the defendants to arbitrate their labor dispute with Local 302. *See* Dkt. 38. Local 302 now moves for an award of attorneys' fees. *See* Dkt. 41.

　　　　Local 302 doesn't invoke a contractual or statutory basis for a fee award but rather appeals to the Court's inherent authority to award fees when the losing party has acted in bad faith, vexatiously, wantonly, for oppressive reasons, or without justification. *See* Mot., Dkt. 41 at 9 (citing authorities). The Court declines to award fees under its inherent authority, concluding that none of the necessary predicates have been established.

　　　　In arguing for fees, Local 302 asserts that the defendants' arguments against arbitration were so strained as to indicate gamesmanship and bad faith. The Court doesn't agree. It is true that the Court wasn't persuaded by the defendants' interpretation of the arbitration clause. And indeed, the Court concluded that the defendants had "attempt[ed] to create ambiguity where none exists." Dkt. 38 at 2. Even so, the defendants' interpretation wasn't so baseless as to suggest that the defendants offered it in bad faith or without justification. The defendants

offered an unpersuasive interpretation, not a frivolous one.

As proof of bad faith, Local 302 also highlights what it believes were "dilatory tactics" by the defendants, which delayed arbitration. Mot., Dkt. 41 at 11. The Court doesn't find proof of bad faith on this account either. The fact that the defendants engaged in "weeks of discussions with Local 302" after Local 302 "filed its grievance" doesn't indicate bad faith. *Id.* Nor did defendants' efforts to extend the briefing schedule on summary judgment—for purposes of exploring settlement and accommodating competing personal and professional obligations—suggest bad faith. *See* Dkt. 42, Palitz Decl. ¶ 13; Dkt. 46-1, Chambers Decl. ¶¶ 3–4.

On the whole, the evidence doesn't support a finding that the defendants acted in bad faith, vexatiously, wantonly, for oppressive reasons, or without justification. An award of attorneys' fees is thus unwarranted, and the Court denies Local 302's motion for attorneys' fees.[1]

**IT IS SO ORDERED.**

Dated: July 11, 2023

Alex G. Tse
United States Magistrate Judge

---

[1] Because an award of attorneys' fees isn't called for, neither is an award of non-taxable costs. *See Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (explaining that non-taxable costs may sometimes be included as "part of reasonable attorney's fees," assuming fees are awarded) (simplified).